PER CURIAM:
The claimant, Dennis A. Richards, seeks an award of $1,233.58 from the respondent, Division of Highways, for damage to his vehicle, a 1986 four wheel drive GMC Jimmy. The damage occurred as a result of a collision between the vehicle and a rock in the road.
The evidence presented at the hearing of this claim on July 25, 1995, established that Mr. Richards was driving in the northbound lane of Route 10 near Stone Branch in Logan County, the roadway was wet and slick, and Mr. Richards was traveling under 30 miles per hour when he observed a rock in the road. Mr. Richards was attempted to drive around the rock, but oncoming traffic prevented him from successfully avoiding the rock. The rock was located in Mr. Richards' lane, and it was approximately three feet from the edge of the road and one foot high. As a result of the accident, Mr. Richards' vehicle sustained damage to the passenger side running board, door, leaf spring, rims and tires. Mr. Richards testified that his vehicle was insured, but his insurance policy contained a $500.00 deductible.
Curley Belcher, an assistnat county supervisor for the respondent, testified that Route 10 is a two lane road which is approximately 20 feet wide. Mr. Belcher arrived at the location of the accident shortly after it occurred. According to Mr. Belcher, he had received a call concerning a rock slide along Route 10 and was proceeding to the slide area when he observed Mr. Richards' truck along the road. Mr. Belcher estimated the rock weighed between 150 and 200 pounds.
This Court has consistently held that the unexplained falling of a rock or boulder onto a highway without a positive showing that the respondent knew or should have known of the dangerous condition posing injury to person or property is insuffient to justify an award. Hammond v. Dept. of Highways, 11 Ct. Cl. 234 (1977); Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1986).
In the instant claim the record reveals that the respondent was aware of the rock slide, and it immediately dispatched an employee to correct the problem. Although the respondent was unable to correct the problem before Mr. Richards' accident, it had taken reasonable steps to remove the rock from the road. Although the Court does not wish to minimize the loss suffered by Mr. Richards, the facts of this claim do not merit a finding of negligence on behalf of the respondent. Therefore, for the reasons stated above, this claim is denied.
Claim disallowed.